**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stephanie Schwartz, Civil Case No. 99-1254 (DWF/AJB)

Plaintiff,

v.

Richard Anderson, in both his individual and official capacities as a Stillwater police officer,

Defendant,

and

**MEMORANDUM OPINION AND ORDER**

Robert Thomas, Civil Case No. 00-1378 (DWF/AJB)

Plaintiff,

v.

Richard Anderson, in both his individual and official capacities as a Stillwater police officer,

Defendant.

---

Eric Hageman, Esq., Gartner, Bennett & Schupp, 2200 One Financial Plaza, 120 South Sixth Street, Minneapolis, Minnesota 55402-1824, appeared on behalf of Plaintiff.

Joseph E. Flynn, Esq., Jardine, Logan & O'Brien, 2100 Piper Jaffray Plaza, 444 Cedar Street, Saint Paul, Minnesota 55101-2179, appeared on behalf of Defendant.

---

FILED MAY 24 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Introduction

The above-entitled matter came before the undersigned United States District Judge on April 26, 2001, pursuant to Defendant's Motion for Summary Judgment. Plaintiffs brought their original actions under 42 U.S.C. § 1983, alleging that Defendant, a police officer, violated their Fourth and Fourteenth Amendment civil rights under color of state law. In addition, Plaintiffs assert state law claims of negligence. At the April 26, 2001, hearing, the parties agreed that the current motion relates only to Plaintiffs' claims of Fourteenth Amendment violations, conceding that Plaintiffs' other claims should be dismissed. Accordingly, the Court dismisses all claims against Defendant with the exception of Plaintiffs' Fourteenth Amendment claims for which material disputes of fact remain. For the reasons discussed below, Defendant's motions for summary judgment are denied.

## Background

On June 12, 1994, Michael Barkwell and his wife witnessed the theft of a large motor boat from a marina in Stillwater, Minnesota. While Mr. Barkwell's wife called the police, he pursued the stolen boat by jet ski heading north on the St. Croix River. Defendant Richard Anderson, a police officer for Stillwater, was on duty that night and responded to the radio call by arriving at a Department of Natural Resources boat launch up-river from the marina. Anderson called out to a boat that was anchored out from the launch. Plaintiffs Stephanie Schwartz and Robert Thomas were sleeping onboard, but upon awakening, Thomas drove over to the launch.

The actual verbal exchange between the parties at this juncture remains unclear. The parties agree that Anderson communicated to Schwartz and Thomas that a boat theft was in progress and that he needed a means to get out on the river. Plaintiffs contend that they felt

compelled to assist the officer, while Defendant contends Plaintiffs did so voluntarily. Nonetheless, Anderson boarded the boat, and Thomas drove the trio out onto the river in pursuit of the stolen craft.

By the time Schwartz, Thomas, and Anderson reached the stolen boat, it was sitting idle with Barkwell circling it on his jet ski. Plaintiffs maintain that as they approached, Barkwell warned Anderson that the men who stole the boat were drunk and that they had attempted to run him over. Anderson denies having any communications with Barkwell, explaining that if there was any warning he did not hear it. Plaintiffs claim that Anderson next instructed Thomas to pull alongside the stolen vessel so that he could board, however, Anderson claims he only shined his flashlight on the boat in an attempt to identify the suspects. Anderson contends that he believed there were other law enforcement officers waiting up-river.[1]

At some point, however, the stolen boat reversed its engines and drove into and over the front of Thomas' boat. As a result of the collision, the windshield of Thomas' boat was destroyed, the fiberglass hull was punctured, and the steel guardrail was bent. Schwartz maintained that she acquired bruises on her arm, shoulder, and upper chest, and Thomas received a small cut on his leg. Anderson was uninjured.

Plaintiffs claim that Anderson then instructed Thomas to continue following the stolen boat. When one of the suspects jumped into the river, Plaintiffs claim that Anderson instructed

---

1 Apparently, several entities have jurisdiction over the St. Croix River, *e.g.*, Washington County, St. Croix County, Minnesota Department of Natural Resources, and Wisconsin Department of Natural Resources. However, Anderson maintains that no other agency was on duty at the time of the incident.

Thomas to circle around and pick up the man. In the end, the stolen boat entered into another marina, crashing into six other boats in the process.

Anderson claims that after docking, he inquired about Plaintiffs' physical condition and directed Thomas to talk to the City of Stillwater about compensation for the damage to his boat. The City fully compensated Thomas for the cost of repairs to his boat.

Plaintiffs have brought this action alleging the following causes of action: violation of Plaintiffs' Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983; and negligence. In addition Schwartz and Thomas claim punitive damages under 42 U.S.C. § 1983 and Minn. Stat. § 549.191. Defendant now moves for summary judgment on all counts.

**Discussion**

**1. Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The

nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Issues**

**a. Qualified Immunity**

In the performance of discretionary functions, government officials are generally shielded from liability for civil damages as long as their actions did not violate clearly established law that an objectively reasonable person in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also Sexton v. Martin*, 210 F.3d 905, 909-10 (8th Cir. 2000). In assessing whether this shield, generally referred to as qualified immunity, is applicable to a given set of circumstances, the court must first determine: (1) whether the plaintiff has asserted violation of an actual constitutional right; and (2) whether the law governing that right was clearly established at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). If any genuine issue of material fact exists with respect to either of these two factors, then summary judgment is inappropriate. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). However, "[o]nce the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001).

**i. Constitutional Right**

The first question before the Court is whether Plaintiffs have asserted a violation of their substantive due process rights under the Fourteenth Amendment. In *Feist v. Simonson*, the

Eighth Circuit addressed the analysis necessary to determine whether a police officer's conduct constitutes violation of an innocent bystander's right to substantive due process. 222 F.3d 455 (8th Cir. 2000). *Feist* involved a claim on behalf of a deceased motorist who was killed by a suspect driving the wrong-way on a highway during a high-speed police chase. The *Feist* court described a continuum of standards for the evaluation of qualified immunity applicability depending upon the nature of an officer's conduct and the amount of time in which he/she had to deliberate. At one end, is the standard articulated in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), which requires the court to determine "whether the police officer's conduct is 'so egregious, so outrageous' that it serves to 'shock the contemporary conscience.'" *Feist*, 222 F.3d at 458-59 (citing *Lewis*, 523 U.S. at 847-48 n.8). Such a standard evaluates the officer's intent for malice or bad faith. *Feist*, 222 F.3d at 462-63. When actual deliberation is practical, however, a standard of deliberate indifference is more appropriately applied. *Feist*, 222 F.3d at 463 (citing *Lewis*, 523 U.S. at 851). Deliberate indifference requires the actor's knowledge that a substantial risk of serious harm accompanies his course of action. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A police officer deciding whether to give chase must balance . . . the need to stop a suspect and show that flight from the law is no way to freedom, and . . . the high speed threat to everyone within stopping range." *Feist*, 222 F.3d at 464 (citing *Lewis*, 523 U.S. at 853).

The Court finds that the circumstances of the present case require that Officer Anderson's conduct be evaluated for deliberate indifference. In engaging Plaintiffs and their boat for the chase, Officer Anderson made a conscious choice to enlist the assistance of civilians. While there is no clear evidence of the amount of time that elapsed between Defendant's hearing the radio call and enlisting Plaintiffs' assistance, it is obvious that Defendant made a concerted choice to leave his police vehicle, listen for the sound of the stolen boat, and search and negotiate

for civilian assistance. Moreover, once on Thomas' boat, Defendant had more time to deliberate the prudence of pursuing a stolen boat on a river during the dark of night. The parties dispute whether Defendant actually heard Barkwell's subsequent warning that the boat thieves were drunk and dangerous. If so, however, the warning represented yet another juncture at which Defendant had time to abort the chase. Regardless, significant time passed before the collision during which Anderson could have deliberated his actions. And subsequent to the collision, Anderson had unequivocal knowledge of the danger of the situation and yet made another choice to continue pursuit of the stolen boat.

In addition to the significant time for deliberation, both before and after the collision, Officer Anderson had knowledge of significant factors that should have impacted his decisions to proceed. Officer Anderson knew that the river was dark. He knew that the boat thieves were attempting to avoid capture. He also knew that he had limited boating experience, and that he would have no control over the handling of either boat. Most importantly, Officer Anderson knew that innocent civilians would inevitably be involved in whatever situation occurred on the river. While there are certainly other factors that undoubtedly entered into Defendant's deliberation, *e.g.*, the interest in apprehending suspected felons and/or the presumption that no other law enforcement agency was available on the river, the issue remains of how appropriately they were balanced against at least the other mentioned factors listed above.

Despite Defendants' arguments to the contrary, the extent to which Plaintiffs' participation in the chase was voluntary is not determinative. To begin, the facts remain in significant dispute as to the initial exchange between the parties and the voluntariness of Plaintiffs. Nonetheless, to argue that Plaintiffs willingly took Defendant onto their boat and

passed up the initial opportunity to disembark completely disregards the significant time period on the river during which Plaintiffs' voluntariness should have been reassessed.

In light of the significant time and information available to Defendant Anderson for deliberation, the Court finds that a genuine dispute of fact remains as to whether he was deliberately indifferent to the substantive due process rights of Plaintiffs.

**ii. Clearly Established Law**

In order for an official to be held liable for a constitutional violation, however, the contours of the constitutional right must be sufficiently established so that the official is on notice of potential liability. *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989); *Harlow*, 457 U.S. at 800, 818.

The law was well-established at the time of the relevant incident, June 12, 1994, that police officers could be held liable for their behavior during the chase of a suspect. *See, e.g., Roach v. City of Fredericktown*, 882 F.2d 294, 297 (8th Cir. 1989); *Britt v. Little Rock Police Dep't*, 721 F. Supp. 189, 191-96 (8th Cir. 1989). While it is true that such liability has not been frequently found, the potential for officer liability was still established and known at the time of the incident in this case, and thus the law can be considered "clearly established."

**iii. Reasonableness of Officer Anderson's Actions**

Because the Court finds that Plaintiffs have established an alleged violation of a constitutional right supported by "clearly established" law, it turns next to the question of whether Officer Anderson's conduct was reasonable. Ordinarily, qualified immunity under these circumstances should not issue because "a reasonable [officer] should or would have known the law governing his conduct was a constitutional principle supported by clearly established law." *Feist*, 222 F.3d at 465 (citations omitted) (relying on *Harlow*, 457 U.S. at 818-19). Indeed,

in his deposition, Officer Anderson testified that department policy prohibited him from engaging in pursuit with a noncommissioned party in his emergency vehicle. In addition, he acknowledged that department policy required that he adjust his emergency response tactics to present the least possible danger to himself and the public when hazardous conditions are present. Officer Anderson further testified that he understood the Constitutional guarantees under the Fourteenth Amendment and a person's right to be secure in his/her person and property. While Defendant is correct that violation of department policy does not result in constitutional violation, his testimony and the evidence in the record, viewed in the light most favorable to the Plaintiffs, support the Court's finding that a reasonable officer in Anderson's position would know or should have known that his conduct potentially violated Plaintiffs' rights under the Fourteenth Amendment.

**b. Punitive Damages**

Under 42 U.S.C. § 1983, punitive damages may be awarded upon a showing of sufficiently serious conduct. *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir. 1997) (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)). "Sufficiently serious conduct" has been defined by the Eighth Circuit as that which is "willful or malicious," "the sort that calls for deterrence and punishment over and above that provided by compensatory awards," and that which is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* While the Court has found material disputes of fact with respect to whether Officer Anderson acted with deliberate indifference, it finds no such dispute with regard to whether he acted with the more severe callous or reckless indifference.

The Court finds no evidence that would support Plaintiffs' claims for punitive damages, and thus dismisses them as a matter of law.

**3. Conclusion**

As the Court has discussed above, it declines to grant Defendant qualified immunity with respect to the federal constitutional claims against him, and it finds that material disputes of fact remain as to Plaintiffs' Fourteenth Amendment claims. While the Court's Order leaves Plaintiffs' substantive due process claims to be litigated, the Court is of the opinion that it would be in the interest of all parties to attempt to reach an agreeable settlement. The Court is by no means attempting to dissuade the parties from asserting their right to a trial, however, in light of the evidence and the nature of the claims presented, the substantial time and expense required by further litigation may not be in the parties' best interests.

For the reasons stated, **IT IS HEREBY ORDERED** THAT:

1. Defendant's Motions for Summary Judgment (Case No. 99-1254, Doc. No. 13 and Case No. 00-1378, Doc. No. 9) are **DENIED**.

2. Counts II: Negligence are **DISMISSED WITH PREJUDICE** (Case No. 99-1254, Doc. No. 1 and Case No. 00-1378, Doc. No. 1).

Dated: May 24, 2001

DONOVAN W. FRANK
Judge of United States District Court